**(90 South. 573)**

No. 24952.

### STATE v. BAILEY.

(Jan. 2, 1922.    Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

Criminal law ☞1144(16)—Verdict with seeming corrections and interlineations presumed valid.

A verdict finding defendant guilty of larceny "of property of the value of $50 as to B." *held* not ground for reversal, though the word "petty" preceding the word "larceny" was stricken out and the quoted phrase written in green ink instead of black on the back of the original bill of exceptions, where the court's minutes in the original transcript showed the verdict was returned in such phraseology and that B. was the defendant on trial; the presumption being that such corrections or interlineations were made by the jury through its foreman before the verdict was received or recorded by the court and the jury discharged.

Appeal from Criminal District Court, Parish of Orleans; Joshua G. Baker, Judge.

Edward Bailey was convicted of larceny, and he appeals. Affirmed.

P. L. Fourchy, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Robert H. Marr, Dist. Atty., of New Orleans (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. The defendant was charged by a bill of information with the crime of grand larceny, and was convicted of larceny of property of the value of $50. From a sentence of not less than one nor more than two years in the penitentiary, he prosecutes this appeal.

There are no bills of exception in the record; but, after the transcript was lodged here, defendant obtained from this court a writ of certiorari under which the original bill has been sent up. The complaint of defendant is that this bill discloses that the verdict is written on the back thereof in both black and green inks, indicating that there might have been some change made after it was rendered. We quote the verdict just as it appears on the back of the bill, underscoring the works stricken out and the words written with green ink, as follows:

"We the jury find the defendant guilty of larceny *of property of the value of fifty dollars, as to Bailey.*
"[Signed] J. H. Tharp, Foreman."

All of it appears to have been written by the same hand except the words "as to Bailey," which last words seem to be in the handwriting of the minute clerk who made certain indorsements on the bill.

As above indicated, in the original transcript as sent to this court, the minutes of the court show the verdict to have been returned by the jury in the above phraseology, and which therefore was a perfectly valid verdict. The only thing we have before us to contradict this is the original bearing the inscriptions as above quoted. We are asked to assume that those corrections or interlineations were improperly or illegally made, without any proof thereof other than the indorsements themselves, when the legal presumption is the other way; that is, that they were made by the jury through its foreman, before the verdict was received and recorded by the court and the jury discharged. If we were to speculate as to what happened, we would say that the jury first brought in a verdict of guilty of petit larceny, and being informed by the court that inasmuch as petit larceny had been graded, they would have to fix the amount, they went back to the jury room, made the correction in the verdict (except as to the words "as to Bailey"), and then returned into court and announced the same as corrected; or they may have done so in the presence of the court before it was received and recorded, and the minute clerk later added the words "as to Bailey" in order to show, according to his opinion, which of the two defendants named in the bill (Bailey having been charged jointly with another, and a severance having been ordered as to the latter at the instance of the state) was intended. However, this addition by the clerk amounted to nothing because the minutes of the court show that Bailey was the accused who was on trial.

We find no error upon which the verdict and sentence can be disturbed, and the same are, accordingly, affirmed.